Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MIGUEL ÁNGEL TORRES GONZÁLEZ<br><br>RECURRIDO<br><br>V.<br><br>PATRICIA MICHELLE MORRIS SÁNCHEZ<br><br>PETICIONARIA | KLCE202401226 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sala: 708<br><br>Civil Núm.: BY2020RF01816<br><br>Sobre:<br>Alimentos Locales |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece ante nos, Patricia Michele Morris Sánchez (en adelante, "la peticionaria"). Su comparecencia es a los fines de solicitar nuestra intervención para que revisemos la "*Minuta*" transcrita el 29 de octubre de 2024 y que recoge lo resuelto por el Tribunal de Primera Instancia, Sala Superior de San Juan durante la vista celebrada el 23 de octubre de 2024. Todo, dentro de una reclamación sobre custodia, patria potestad y alimentos, instada por Miguel Ángel Torres González (en lo sucesivo, "el recurrido").

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado.

### I.

El caso de epígrafe tiene su origen en la "*Petición*" presentada por el recurrido el 24 de noviembre de 2020 ante el tribunal de instancia. Mediante, la referida petición el recurrido solicitó la custodia compartida o en la alternativa la custodia monoparental del hijo menor que tiene en

común con la peticionaria. A su vez, entre otras cosas, solicitó que se estableciera una pensión alimentaria a beneficio del referido menor.

En reacción, el 10 de enero de 2021, la peticionaria presentó una "*Contestación a Demanda y Reconvención.*" En lo atinente a la alegación responsiva, negó las alegaciones principales esbozadas por el recurrido. A su vez, peticionó que se le concediera la custodia monoparental del menor; se establecieran las relaciones paternofiliales del recurrido; y se fijara una pensión alimentaria en favor del menor.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 23 de octubre de 2024, se efectuó en corte abierta la determinación objeto de revisión. Posteriormente, el 29 de octubre de 2024, se transcribió la "*Minuta*" de la referida vista. Inconforme con las determinaciones allí esbozadas, el 12 de noviembre de 2024, la peticionaria presentó ante nos un recurso de *certiorari.*

**II**.

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, 204 DPR 374 (2020)*; *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).  De la misma forma, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey- Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007).

De otra parte, la Regla 32 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999, estable en lo pertinente:

> La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.
>
> [...]
>
> La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes. (Énfasis suplido). 4 LPRA Ap. II- B, R. 32 (b) (1),

Por último, es menester resaltar que la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C), nos faculta, por iniciativa propia o ante la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

Al examinar el expediente ante nos, surge que la determinación recurrida está esbozada en una "*Minuta*" que carece de la firma del Juez del tribunal de instancia. Ante ello, no tenemos la autoridad para revisar los méritos de la controversia presentada. Conforme establece la precitada Regla 32 (b) (1), *supra* las minutas serán notificadas a las partes cuando: (1) incluyan una resolución u orden emitida por el Juez en corte abierta y (2) contengan la firma del Juez.

En el caso presente, la decisión impugnada proviene de una determinación emitida el 23 de octubre de 2024 en corte abierta. No obstante, la "*Minuta*" en cuestión incumple con el requisito indispensable de la firma del Juez. Como resultado, la referida "*Minuta*" no ha sido notificada adecuadamente. Ante ello, no se han activado los términos para recurrir de la determinación emitida en corte abierta. Véase, *Maldonado v. Junta Planificación*, 171 DPR 46, 57-58 (2007). En consecuencia, el

recurso de *certiorari* presentado por la peticionaria adolece de ser prematuro, por lo que carecemos de jurisdicción para revisar sus méritos.

**IV.**

Por los fundamentos expuestos, desestimamos el recurso presentado.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
